**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____

|  |  |  |
|---|---|---|
| **CELGENE CORPORATION,** | : | **Civil Action No. 19-5797 (ES) (MAH)** |
|  | : |  |
| **Plaintiff,** | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| **HETERO LABS LIMITED, et al.,** | : |  |
|  | : |  |
| **Defendants.** | : |  |
| _____ | : |  |
|  | : |  |
| **CELGENE CORPORATION,** | : | **Civil Action No. 19-5799 (ES) (MAH)** |
|  | : |  |
| **Plaintiff,** | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| **AUROBINDO PHARMA LIMITED, et al.,** | : |  |
|  | : |  |
| **Defendants.** | : |  |
| _____ | : |  |
|  | : |  |
| **CELGENE CORPORATION,** | : | **Civil Action No. 19-5802 (ES) (MAH)** |
|  | : |  |
| **Plaintiff,** | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| **MYLAN PHARMACEUTICALS INC., et al.,** | : |  |
|  | : |  |
| **Defendants.** | : |  |
| _____ | : |  |

1

| | | |
|---|---|---|
| _____ | : | |
| CELGENE CORPORATION, | : | Civil Action No. 19-5804 (ES) (MAH) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| BRECKENRIDGE | | |
| PHARMACEUTICAL, INC., et al., | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |
| | : | |
| CELGENE CORPORATION, | : | Civil Action No. 19-5806 (ES) (MAH) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| APOTEX INC., | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |
| | : | |
| CELGENE CORPORATION, | : | Civil Action No. 19-8758 (ES) (MAH) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **AMENDED PRETRIAL SCHEDULING** |
| | : | **ORDER** |
| | : | |
| TEVA PHARMACEUTICALS USA, | : | |
| INC.,  et al., | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**THIS MATTER** having come before the Court for a scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure held on the record on July 31, 2019; and for good cause shown:

**IT IS** on this 27th day of August 2019,

**ORDERED THAT:**

2

## I. DISCLOSURES

1.  Fed. R. Civ. P. 26 disclosures are to be exchanged on or before **August 19, 2019**.

## II.  DISCOVERY

2.       Fact discovery is to remain open through **November 6, 2020.**  No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

3.       The parties may serve interrogatories limited to **twenty-five (25)** single questions and requests for production of documents and requests to admit on or before **September 3, 2019,** to be responded to **within thirty (30) days of receipt**.

4.       Depositions of fact witnesses and individuals who will give lay opinion testimony based on particular competence in an area (including but not limited to treating physicians) are to be completed by **November 6, 2020.**  No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege.  See Fed. R. Civ. P. 32(d) (3) (A).  No instruction not to answer shall be given unless a privilege is implicated.

a.       The parties shall adhere to the provisions of Federal Rule of Civil Procedure 30(a)(2) and (d)(1) concerning the number of depositions and time limits for depositions, absent agreement by the parties or further Order of the Court.

5.       Counsel shall confer in a good faith attempt to informally resolve any and all discovery disputes **before** seeking the Court's intervention.  See L. Civ. R. 37.1(a)(1); see also L. Civ. R. 16.1(f)(1).  Should such informal effort fail to resolve the dispute, the matter shall be brought to the Court's attention via a joint letter that sets forth: (a) the specific discovery requested; (b) the response; (c) efforts to resolve the dispute; (d) why the complaining party believes the information is relevant and why the responding party's response continues to be deficient, including citations to appropriate caselaw; and (e) why the responding party believes the response is sufficient.  No further submissions regarding the dispute may be submitted without leave of Court.  If necessary, the Court will thereafter schedule a telephone conference to resolve the dispute.

Failure by any party to meet and confer in good faith, or to participate in the joint-letter protocol described above, absent good cause, will result in the Court deeming that party to have waived its right to take any position on the discovery issue(s) in dispute.

No discovery motion or motion for sanctions for failure to provide discovery shall be filed before utilizing the procedures set forth in these paragraphs without prior leave of Court.

Discovery disputes (other than those arising during depositions) shall be brought to the Court's attention no later than **June 15, 2020**.  **The Court will not consider any discovery dispute (other than those arising during depositions) brought to its attention after this date**.  If an unresolved dispute arises at a deposition, then the parties shall contact the Chambers of the

Undersigned for assistance during the deposition.

### III.  DISCOVERY CONFIDENTIALITY ORDERS

6.      Any proposed confidentiality order agreed to by the parties must strictly comply with Fed.R.Civ.P. 26(c) and Local Civil Rule 5.3.  See also Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3d Cir. 1994); Glenmede Trust Co. v. Thompson, 56 F.3d 476 (3d Cir. 1995).  Any such form of order must be accompanied by an affidavit or attorney certification filed electronically under the designation "affidavit/certification in support of discovery confidentiality order."  The affidavit or attorney certification shall describe (a) the nature of the materials to be kept confidential, (b) the legitimate private or public interests which warrant confidentiality and (c) the clearly defined and serious injury that would result should the order not be entered.  Any such order must be clearly designated **"Discovery Confidentiality Order."**  See L. Civ. R. 5.3.

a.      The parties shall submit a proposed Discovery Confidentiality Order on or before **August 21, 2019.**  See L. Pat. R. 2.2.

### IV.  PATENT-RELATED TASKS

7.      On or before **September 3, 2019**, Defendants shall produce samples pursuant to Plaintiff's First Set of Requests for Production.

8.      On or before **October 4, 2019**, Plaintiff shall produce samples pursuant to Defendants' Request for Production.

9.      On or before **November 4, 2019**, the Plaintiff shall serve identification of asserted claims and infringement contentions.

10.     On or before **February 13, 2020**, the Defendant shall serve any invalidity contentions and non-infringement contentions.

11.     On or before **March 25, 2020**, Plaintiff shall serve its response to joint invalidity contentions.

12.     By **April 14, 2020**, the parties will exchange the proposed terms necessary for claims construction.

13.     By **May 1, 2020**, the parties will exchange their preliminary claim constructions and identify any intrinsic and extrinsic evidence.

14.     By **May 18, 2020**, the parties will exchange evidence opposing proposed claim constructions.

15.     On or before **June 5, 2020**, the parties will file their Joint Claim Construction and Prehearing Statement.

16.     By **July 1, 2020**, the parties will complete any fact discovery regarding claim construction, including depositions of non-expert witnesses identified before claim construction exchanges.

17.     By **July 2, 2020**, the parties will have substantially completed document production.

18.     The parties shall file opening Markman briefs pursuant to L. Pat. R. 4.5(a) by **July 20, 2020**.

19.     All expert discovery regarding the opening Markman briefs shall be completed by **August 7, 2020**.

20.     The parties shall file responsive Markman briefs by **September 9, 2020.**

21.     The parties will meet and confer on a proposed schedule for a Markman hearing, and shall submit the proposed schedule no later than **October 1, 2020**.

22.     The claim construction hearing shall take place on **[To Be Determined].**

23.     **Not less than thirty days** after the entry of the Claim Construction Order, any party relying on advice of counsel as part of any patent-related claim or defense shall produce any related discovery for which the attorney-client privilege and work product doctrine have been waived, as well as any privilege log.

24.     By **December 6, 2020**, the parties shall exchange opening expert reports on issues for which that party bears the burden of proof, including Plaintiff's opening expert report(s) on objective indicia of non-obviousness.

25.     The parties will exchange rebuttal reports by **January 6, 2021.**

26.     The parties will exchange reply expert reports by **January 20, 2021**.

27.     All expert reports must be in the form and content as required by Fed. R. Civ. P. 26(a)(2)(B).

28.     All expert discovery, including depositions of experts, shall be completed by **February 22, 2021.**

## V.     FUTURE CONFERENCES

29.     There shall be a telephone status conference before the Undersigned on **December 3, 2019, at 10:00 a.m.**  Plaintiff's counsel will kindly initiate the telephone call.

30.     The Court may from time to time schedule conferences as may be required, either sua sponte or at the request of a party.

31.     Counsel should be prepared to discuss settlement at every conference with the Court.  The senior attorney in charge of the case must attend all settlement conferences and client(s) with full settlement authority must either attend or be immediately available by telephone. In cases involving insurance companies and other corporate or business entities, it is expected that the executive who will make the final decision on the settlement will be the person available for the conference.

32.     Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.

33.     A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action.  Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

## VI.  MOTIONS

34.     Any motion to add new parties or amend pleadings, whether by amended or third-party complaint, must be filed not later than **July 31, 2020**.

35.     No motions are to be filed without prior written permission from this Court.  All dispositive motions must first be subject to a dispositive motion pre-hearing.  Discovery must be completed prior to the filing of a dispositive motion. These prerequisites must be met before any motions are filed and the motions will be returned if not met.  All calendar or dispositive motions, if permitted, shall comply with Local Civil Rules 7.1(b) and 56.1.

36.     Dispositive motions, if any, are to be filed by leave of Court only, by **March 15, 2021.**

## VII.  FINAL PRETRIAL CONFERENCE

37.     A final pretrial conference shall be conducted pursuant to Civil Rule 16(d) on [**To Be Determined].**

38.     All counsel are directed to assemble at the office of plaintiff's counsel not later than **ten (10) days** before the pretrial conference to prepare the Final Pretrial Order in the form and content required by the Court.  Plaintiff's counsel shall prepare the Pretrial Order and shall submit it to all other counsel for approval.

39.     The original of the Final Pretrial Order shall be delivered to Chambers not later than **forty-eight (48) hours** before the pretrial conference.  All counsel are responsible for the

timely submission of the Final Pretrial Order.

40.     The parties shall be ready for trial by **April 15, 2021**.

41.     **FAILURE TO FOLLOW THIS ORDER WILL RESULT IN SANCTIONS PURSUANT TO Fed. R. Civ. P. 16(f) and 37.**


*s/ Michael A. Hammer*
**Hon. Michael A. Hammer**
**United States Magistrate Judge**